IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EDWARD MCGOWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: _____ |
| | ) |
| | ) |
| ELVIS PRESLEY ENTERPRISES, INC. | ) JURY TRIAL |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, EDWIN MCGOWIN, by and through his attorneys, alleges for his Complaint as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against ELVIS PRESLEY ENTERPRISES, INC, for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq*.

### II. THE PARTIES

### A. THE PLAINTIFF

2. Plaintiff, EDWIN MCGOWIN, currently resides in Walls, Mississippi and is a citizen of the United States.

3. Plaintiff had approximately five (5) years of service as an employee of Defendant.

4. Plaintiff is an FMLA "eligible employee", specifically under 29 U.S.C. Section 2611(2)(A), i.e. one who worked more than 1,250 hours in the 12 month period preceding her leave.

## B. THE DEFENDANT

5. Defendant, ELVIS PRESLEY ENTERPRISES, INC, is located within the Western District of Tennessee, at 3734 Elvis Presley Blv, Memphis, TN 38116, and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section 2611(4)(A).

6. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

7. The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

9. Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391(b)-(c).

## IV. FACTS

10. Defendant hired Plaintiff to work as a security guard.

11. Plaintiff's job was to guard the Elvis Presley mansion known as Graceland.

12. In September of 2011, Plaintiff sustained an injury to his shoulder, obtained medical treatment, and advised his employer that he would need leave for an extended period of time. This injury constituted a "serious health condition" for which Plaintiff needed FMLA qualifying leave.

13. On or about September 16, 2011, Defendant sent Plaintiff FMLA certification paperwork for purposes of learning more about Plaintiff's "serious health condition" to determine whether to designate his leave as being protected under FMLA.

14.     Plaintiff was given fifteen days, until September 30, 2011 in which to complete the paperwork, this being the time period allowed by law barring unusually or extenuating circumstances.

15.     On or about September 23, 2011, before the fifteen day period even ran, Plaintiff's supervisor, Anthony Houston, terminated Plaintiff's employment by telephone.  Houston stated that he was unable to wait and hold Plaintiff's job while Plaintiff was out on a medical leave.  Of course, this is precisely the purpose and requirement of the FMLA—safeguarding eligible employee's jobs while they are out of work for a qualifying health condition.

16.     But for this interference and/or retaliation, Plaintiff *would have* been able to return to work in October (thus, being off "more than three calendar days" but also being able to return within the twelve week period allowed by FMLA).

## V. COUNT ONE—FMLA INTERFERENCE

20.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-19 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise his rights under the FLMA.

## VI. – FMLA RETALIATION

21.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-19 herein.  By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against the Plaintiff for exercising his rights under the FMLA by giving notice of his intention to take FMLA leave and beginning what amounts to an FMLA qualifying leave.

## VIII. PRAYER FOR RELIEF

22. WHEREFORE, the Plaintiff prays for the following relief:

    A. That proper process issue along with a copy of this complaint requiring the Defendants to appear and answer;

    B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest;

    C. Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

    D. Reasonable attorneys' fees;

    E. The costs and expenses of this action;

    F. Such other legal and equitable relief to which Plaintiff may be entitled; and

    G. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF